**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10098 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00795-RCC |
| v. | |
| BAY IGNACIO MENDIVIL-SILVA, a.k.a. Bay Ignacio Mendevil-Silva, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted December 19, 2011[**]

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Bay Ignacio Mendivil-Silva appeals from the 78-month sentence imposed

following his guilty-plea conviction for importation of cocaine, in violation of

21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(1)(A)(ii), and possession with intent to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)(II). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mendivil-Silva contends that remand is required because the district court did not recognize its discretion to vary from the advisory sentencing Guidelines range pursuant to *Kimbrough v. United States*, 552 U.S. 85 (2007). The record belies that contention. The district court understood that had discretion to vary but concluded that a within-Guidelines sentence was appropriate for Mendivil-Silva.

To the extent that Mendivil-Silva also contends that his sentence was substantively unreasonable, the contention fails. In light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a), the 78-month sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**